[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15932

_____

D. C. Docket No. 02-00433-CV-4-DF-5


BAILLIE LUMBER COMPANY, LP,

                                        Plaintiff-Appellant,

                    versus

BERT F. THOMPSON,
ICARUS HOLDING, LLC,
f.k.a. Piedmont Hardwood Flooring, LLC.,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____


**(June 23, 2005)**

Before BIRCH, BARKETT and COX, Circuit Judges.

BIRCH, Circuit Judge:

This case returns to us for disposition from the Supreme Court of Georgia, to which we certified two questions of Georgia state law. The Baillie Lumber Company ("Baillie Lumber"), a creditor of Icarus Holding, LLC ("Icarus"), appeals the order of the district court holding that Baillie Lumber's state alter ego action against Icarus's principal member and president, Bert F. Thompson, was property of Icarus's bankruptcy estate and thus subject to an automatic stay. The factual and procedural history of the case can be found in our previous opinion certifying the case to the Supreme Court of Georgia and will not be repeated here. See Baillie Lumber Co. v. Thompson, 391 F.3d 1315 (11th Cir. 2004).

We held that in order for the alter ego action to be property of the bankruptcy estate, the "claim should (1) be a general claim that is common to all creditors and (2) be allowed by state law." Id. at 1321. We determined that this case involves a general claim common to all creditors, but after review of state law, we were unable to determine whether it was allowed. Id. at 1321, 1322. In order to determine whether the action was allowed by state law, we certified the following two questions to the Supreme Court of Georgia:

1.   WILL GEORGIA LAW ALLOW THE REPRESENTATIVE OF A

DEBTOR CORPORATION TO BRING AN ALTER EGO CLAIM

AGAINST THE CORPORATION'S FORMER PRINCIPAL?

2.   IF SO, WHAT IS THE MEASURE OF RECOVERY?

Id. at 1322.

The Supreme Court of Georgia answered the first question in the affirmative, holding that equitable principles required the court to recognize that a corporation has the right to pursue an alter ego action. See Baillie Lumber Co. v. Thompson, ___ S.E.2d ___, ___ (Ga. 2005). The court indicated that allowing such a suit would benefit third party creditors by providing more money with which to satisfy claims, however the court's failure "to do so would result in potentially inequitable treatment of creditors under federal bankruptcy law" Id. at ___, ___. Further, the Supreme Court of Georgia in answering the second question held that "a principal found liable under an alter ego theory should be liable for the entirety of the corporation's debt."

Based on the Supreme Court of Georgia's opinion, we conclude that the alter ego action by the corporation against the principal is allowed under state law. Thus, the alter ego action here is property of the bankruptcy estate and is subject to

an automatic stay.  The district court did not err when it stayed Baillie Lumber's

claim.  Accordingly, we **AFFIRM**.